Richardson v. State 






NO. 10-90-156-CR

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          DONALD RAY RICHARDSON,
                                                                                            Appellant
          v.

          THE STATE OF TEXAS,
                                                                                            Appellee

* * * * * * * * * * * * *

From 54th Judicial District Court
McLennan County, Texas
Trial Court # 90-60-C

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          A jury convicted Donald Ray Richardson of possession of a controlled substance with
intent to deliver and sentenced him to fifty years in prison. See Tex. Health & Safety Code
Ann. § 481.112 (Vernon 1991). Appellant complains that the court erred in allowing into
evidence (1) a report written by a chemist who analyzed the substance found but did not testify and
(2) a penitentiary packet in which the judgment and sentence of a prior conviction were not
certified by the clerk of the convicting court. He also contends that the court erred in denying his
motion for a mistrial. We overrule these points and affirm the judgment.
          To prove the substance was cocaine, the State offered the written report of an analysis
performed on the substance through the testimony of the custodian of records of the Texas
Department of Public Safety. Appellant claims in his first point that because the chemist who
analyzed the substance did not testify, the report was inadmissible hearsay. At the time the report
was offered, the following exchange took place:
[STATE]: At this time, your honor, we would offer both State's Exhibit Number
1 and Number 2 into evidence.
[DEFENSE]: Your Honor, if it please the Court, we're going to object to State's
Exhibit Number 1. Your Honor, there's been an improper chain of custody. In
fact, the chain of custody was broken. This State's Exhibit Number 1 is not in the
original packaging. It has been repackaged, from the police officer's own
testimony. Your Honor, we would object that the proper chain of custody hasn't
been followed, nor the proper predicate on State's Exhibit Number 1. 
THE COURT: Overruled. 
[DEFENSE]: Your honor, we would object to State's Exhibit Number 2, the
controlled substance submission report. Your Honor, the document that's been
signed by Debbie Reagan, there has been no evidence shown that--where the source
of the cocaine was that they used to compare to the Exhibits Number 1 and 2. 
Your Honor, without that source, this is inadmissible.
THE COURT: Overruled.
Because Appellant's apparent chain-of-custody objection is not the same as his inadmissible-hearsay complaint on appeal, we cannot consider this point. See Sharp v. State, 707 S.W.2d 611,
619 (Tex. Crim. App. 1986), cert. denied, 488 U.S. 872 (1988). We overrule point one.
          Appellant's second point has already been decided by the case of Reed v. State. See Reed
v. State, No. 222-90, slip op. (Tex. Crim. App., May 15, 1991). His complaint is that the copies
of the judgment and sentence contained in the penitentiary packet used for enhancement failed to
reflect a certification by the clerk of the convicting court. The court in Reed makes clear that the
judgment and sentence need not reflect the convicting court clerk's certification if the penitentiary
packet was properly authenticated under Texas Rules of Evidence 901 or 902. See id.; Tex. R.
Crim. Evid. 901, 902. As in Reed, the copies of the judgment and sentence in this case were
certified by the record clerk of the Texas Department of Corrections, which is now the Texas
Department of Criminal Justice, Institutional Division. See Reed, No. 222-90 at 1. The court
held in Reed that the "TDCJID record clerk's certification of the pen packet copies of the judgment
and sentence constitutes sufficient extrinsic evidence that the copies are authentic." See id. at 9. 
          Additionally, the State offered, through another exhibit, copies of the judgment and
sentence which were duly certified by the clerk of the convicting court. We overrule Appellant's
second point.  
          Appellant's final point alleges that the court should have granted his motion for a mistrial
after sustaining his relevancy objection to the State's following line of questioning about two of
his girl friends: 
Q. Cynthia Nowlin. Do you know Cynthia Nowlin?
A. Yes, sir, I do.
Q. A girl friend of yours, isn't she?
A. She used to be.
Q. While you were married to this wife who's home taking care of your baby. 
Right?
A. Yes, sir.
Q. Do you know Tosha Yolanda Hicks?
A. Yes, sir, I do.
Q. Another girl friend, isn't she? 
A. Yes.
Q. While your wife was home taking care of the baby.
A. Yes, sir.
[DEFENSE]: Your Honor, we're going to object to the relevancy of this line of
questioning. 
THE COURT: Sustained.
[DEFENSE]: Ask for an instruction.
THE COURT: I instruct the jury, you'll disregard the last statement of counsel for
any purpose whatsoever. 
[DEFENSE]: Your Honor, I ask for a mistrial.
THE COURT: Overruled. 
No objections were made to the questions concerning Cynthia Nowlin, and Appellant's objection
to questions concerning Tosha Hicks was not timely. A failure to object at the earliest opportunity
waives any alleged error. Thompson v. State, 691 S.W.2d 627, 635 (Tex. Crim. App. 1984),
cert. denied, 474 U.S. 865 (1985); Montelongo v. State, 681 S.W.2d 47, 57 (Tex. Crim. App.
1984). We overrule point three.
          The judgment is affirmed. 
 
                                                                                  BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings and
          Justice Vance
Affirmed
Opinion delivered and filed June 6, 1991
Do not publish